PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUNO FARMS, LLC, ) | |
| ) | CASE NO. 4:25-CV-00249 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WINNER AVIATION CORPORATION, ) | **MEMORANDUM OF** |
| *et al.,* ) | **OPINION AND ORDER** |
| ) | [Resolving ECF No. 9] |
| Defendants. ) | |

The Court considers Defendants' Motion to Dismiss Counts I–V (ECF No. 9). The Motion is denied for the reasons herein.

## I. BACKGROUND

### A. FACTUAL HISTORY

Plaintiff Juno Farms, LLC ("Juno") owned an airplane that was damaged in an accident. ECF No. 1 at PageID #: 6 ¶¶ 23–24. It contracted with Defendant Winner Aviation Corporation ("Winner") to repair the damage. ECF No. 1 at PageID ##: 8 ¶ 34, 11 ¶¶ 49 and 55, and 12 ¶ 56. Juno alleges that Winner breached that contract, failed to comply with Federal Aviation Administration ("FAA") standards, and committed various violations of Ohio common and statutory law. ECF No. 1 at PageID #: 2 ¶ 1.

### B. PROCEDURAL HISTORY

Juno sued Defendants Aerospace Holding Corporation ("Aerospace"), Charles Hale ("Hale"), Michael Hillman ("Hillman"), Marichaels Ltd. ("Marichaels"), Douglas McConnell ("McConnell"), and Winner in federal court on February 7, 2025. ECF No. 1. Defendants

(4:25-CV-00249)

answered in turn. ECF Nos. 4, 12, and 17. Aerospace, Marichaels, Hillman, and McConnell (collectively, "Aerospace Defendants") moved to dismiss five causes of action against them:

> *(Count I)*—Breach of Contract.
> ECF No. 9 at PageID ##: 196–99.
>
> *(Count II)*—Breach of Warranty.
> ECF No. 9 at PageID ##: 196–99.
>
> *(Count III)*—Ohio Consumer Sales Practices Act ("OCSPA").
> ECF No. 9 at PageID ##: 199–201.
>
> *(Count IV)*—Unjust Enrichment.
> ECF No. 9 at PageID ##: 201–03.
>
> *(Count V)*—Alter Ego.
> ECF No. 9 at PageID ##: 203–06.

Juno opposed the Motion, and Aerospace Defendants replied. ECF Nos. 14 and 15.

## II. LAW

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

A motion to dismiss is a procedural device allowing a defendant to dispose of some or all claims at the outset of a lawsuit. *See* Fed. R. Civ. P. 12. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the complaint must include a short and plain statement showing the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The factual allegations therein must notify defendants of the claims against them and inform of why a legal cause of action is not merely possible, but *plausible*. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Only a complaint that establishes such plausibility will survive. *See Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (noting a district court will not "credit a threadbare recital of the elements of a cause of action . . . supported by mere conclusory statements") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up).

(4:25-CV-00249)

On review, a district court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in [plaintiff's] favor." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Even so, the court will "disregard bare legal conclusions and naked assertions" and "afford the presumption of truth only to genuine factual allegations." *Dakota Girls*, 17 F.4th at 648 (quoting *Iqbal*, 556 U.S. at 678) (cleaned up). This inquiry is generally limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be considered without converting the motion into one for summary judgment. *See Ira Svendsgaard & Assoc., Inc. v. All Fasteners USA, LLC*, No. 1:20-CV-328, 2021 WL 4502798, at *3 (N.D. Ohio Oct. 1, 2021) (citing *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

### III. DISCUSSION

#### A. COUNT I—BREACH OF CONTRACT

##### 1. Arguments

Aerospace Defendants contend that Count I must be dismissed because they "were not parties to the two contracts entered into by and between Juno and Winner" and thus "any allegation that they breached these written contracts is without legal consequence." ECF No. 9 at PageID #: 197 (cleaned up). Juno counters that its Complaint "firmly establishes the propriety and visibility of Juno Farm's breach of contract claim against the Aerospace Defendants under the *de facto* merger theory for successor liability." ECF No. 14 at PageID #: 237 (cleaned up).

##### 2. Analysis

Dismissal of Count I is premature. In Ohio, *de facto* merger requires proof of: (1) continuity of the previous business and corporate personnel; (2) continuity of shareholders

3

(4:25-CV-00249)

exchanging assets for stock; (3) rapid dissolution of the predecessor corporation; and (4) assumption of liabilities and obligations by the purchasing corporation. See *Welco Indus., Inc. v. Applied Cos.*, 617 N.E.2d 1129 (Ohio 1993). Juno plausibly alleges that Aerospace Defendants are "an integrated web of entities and individuals who individually and collectively provide a variety of general and commercial aviation support services" that possess "no practical separate mind, will, or existence of their own" *via de facto* merger under Ohio law. ECF Nos. 14 at PageID #: 234 and 1 at PageID ##: 4–5 ¶¶ 12–16. Construing the Complaint in its favor and accepting its well-pled allegations as true, Juno has set forth facts sufficient to allow Count I to survive dismissal under Fed. R. Civ. P. 12(b)(6).

### B. Count II—Breach of Warranty

#### 1. Arguments

Aerospace Defendants contend that Count II must be dismissed because "Juno has asserted no allegation that they made or issued to Juno any affirmation of fact or promise relating to the repair of its airplane" and because they never "made or issued any other express representation concerning repairs to Juno's airplane." ECF No. 9 at PageID #: 199 (cleaned up). Juno counters that its Complaint "firmly establishes the propriety and visibility of Juno Farm's breach of warranties claim against the Aerospace Defendants under the *de facto* merger theory for successor liability." ECF No. 14 at PageID #: 237 (cleaned up).

#### 2. Analysis

Dismissal of Count II is premature. Given the factual and legal connectivity between Juno's causes of action for breach of contract and breach of warranty, the Court incorporates its preceding analysis in finding that Juno has set forth facts sufficient to allow Count II to survive dismissal under Fed. R. Civ. P. 12(b)(6). *See supra* Part III.A.2.

(4:25-CV-00249)

### C. Count III—Ohio Consumer Sales Practices Act

#### 1. Arguments

Aerospace Defendants contend that Count III must be dismissed because, "under Ohio law, only an individual is entitled to relief under the OCSPA." ECF No. 9 at PageID #: 201 (cleaned up).  Juno counters that it falls under an Ohio-law carve-out because it purchased the airplane for its owners' personal use.  ECF No. 14 at PageID ##: 238–39.

#### 2. Analysis

Dismissal of Count III is premature.  In Ohio, a non-individual can recover under the OCSPA when the disputed transaction was for personal—rather than corporate—benefit.  *See Nelson v. Powers*, 2020 WL 1659342 (Ohio App. 11 Dist., 2020).  Juno plausibly alleges it purchased the airplane for the personal use of its owners, rather its business.  ECF No. 1 at PageID #: 22 ¶ 116.  This exceeds its burden of pleading sufficient facts to state a plausible OCSPA claim against Aerospace Defendants.  *See Iqbal*, 556 U.S. at 678.  Construing the Complaint in its favor and accepting its well-pled allegations as true, Juno has set forth facts sufficient to allow Count III to survive dismissal under Fed. R. Civ. P. 12(b)(6).

### D. Count IV—Unjust Enrichment

#### 1. Arguments

Aerospace Defendants contend that Count IV must be dismissed because "the existence of the written contracts, which Juno attaches to its Complaint, renders the unjust enrichment claim unsustainable."  ECF No. 9 at PageID #: 202 (cleaned up).  Juno counters that it "set forth a cause of action for unjust enrichment against Defendants *as an alternative* to its breach of contract claim in Count I."  ECF No. 14 at PageID #: 240 (emphasis in original).

#### 2. Analysis

(4:25-CV-00249)

Dismissal of Count IV is premature.  While it is true—in Ohio—that "a party may not recover for the same services under both a contractual claim and a claim for *quantum meruit*," that party "is not barred from seeking alternative theories and recovering under a *quantum meruit* theory if [its] contractual claim fails." *Bldg. Indus. Consultants, Inc. v. 3M Parkway, Inc.*, 911 N.E.2d 356, 362 (Ohio App. 9 Dist., 2009) (cleaned up).  Because *quantum meruit* and unjust enrichment differ in degree, rather than kind, *3M Parkway* is relevant.  Juno's unjust enrichment claim relies on successor liability under *de facto* merger, which survived dismissal in Count I and Count II.  Furthermore, the Service Contract does not bar Juno from alleging both breach of contract and unjust enrichment under Ohio statutory or common law.  See *3M Parkway*, 911 N.E.2d at 362.  Construing the Complaint in the plaintiff's favor and accepting its well-pled allegations as true, Juno has set forth facts sufficient to allow Count IV to survive dismissal under Fed. R. Civ. P. 12(b)(6).

### E.  COUNT V—ALTER EGO

#### 1.  Arguments

Aerospace Defendants contend that Count V must be dismissed because "Juno has not alleged any fraud, or any illegal act engaged in by Hillman or McConnell to justify piercing the corporate veil."  ECF No. 9 at PageID #: 205 (cleaned up).  Juno counters that it "has pled sufficient facts to establish a plausible basis for applying the alter ego theory to the Aerospace Defendants."  ECF No. 14 at PageID #: 244.

#### 2.  Analysis

Dismissal of Count V is premature.  Whether a defendant "exercised a degree of control over a corporation . . . is a fact-sensitive question which should not be answered until the Plaintiff has had some opportunity to conduct discovery."  *Mike Albert, Ltd. v. 540 Auto Repair,*

6

(4:25-CV-00249)

*Inc.*, 2022 WL 488969, at *10 (S.D. Ohio, 2022) (cleaned up). If individual Defendants are "fundamentally indistinguishable" from their corporate counterparts herein, discovery will reveal as much. See *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 605 (6th Cir. 2005)). Furthermore, Count V alleges illegal or unlawful acts, relieving Juno of the Ohio Civ R. 9(B) requirement to plead with heightened particularity. See *Kurtz Bros., Inc. v. Ace Demo, Inc.*, 24 N.E.3d 649, 654 (Ohio App. 11 Dist., 2014) (noting that Ohio Civ R. 9(B) does not apply when an attempt to pierce the corporate veil is based on an illegal act under the *Belvedere–Dombroski* test).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts I–V of the Complaint (ECF No. 9) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| November 18, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |